Chet Kaufman, Federal Public Defender's Office, Tallahassee, FL, Randall Lockhart, Federal Public Defender Office, Pensacola, FL, Rosemary T. Cakmis, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Chet Kaufman, appointed counsel for Roger Ray Price in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Price's conviction and sentence are **AFFIRMED.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larkin BAGGETT, Defendant–
Appellant.**

**Nos. 09–15522, 09–15561.**

United States Court of Appeals,
Eleventh Circuit.

March 6, 2012.

Richard C. Klugh, Jr., Miami, FL, for Defendant–Appellant.

Jeanne Marie Mullenhoff, Anne R. Schultz, Suzan H. Ponzoli, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before DUBINA, Chief Judge, FAY, and KLEINFELD,* Circuit Judges.

---

* Honorable Andrew J. Kleinfeld, Judge of the Ninth Circuit Court of Appeals, sitting by designation.

PER CURIAM:

Based upon the agreement of counsel and our review of the record, we vacate the sentences and the order of restitution imposed by the district court and remand with instructions. The Florida indictment did not charge a violation of 18 U.S.C. § 924(c) in Count I, and thus there was no plea of guilty to such a crime. In addition, although the court had the authority to impose discretionary restitution as a condition of supervised release pursuant to 18 U.S.C. §§ 3563(b)(2), 3583(d) and U.S.S.G. § 5E1.1, it lacked the authority to order immediate restitution.

Counsel agree that the defendant/appellant should be resentenced without regard to § 924(c). It is also agreed that the issue of restitution must be revisited under the appropriate statutes and sentencing guideline.

Convictions affirmed; sentences of imprisonment and order of restitution vacated; and, matter remanded with instructions.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**